


**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**WESTERN DIVISION**

**JEREMIAH POWELL, an individual; TYESHA DEWEAVER, an individual; BAILEE BALDWIN, a minor child, by and through her mother and next friend TYESHA DEWEAVER; JEREMIAH POWELL, JR, a minor child, by and through his mother and next friend TYESHA DEWEAVER; MELODIEE POWELL, a minor child, by and through his mother and next friend TYESHA DEWEAVER;**

**Plaintiffs,**

**v.**

**IRBY CONSTRUCTION, a corporation; ROBERT COLE CAMPBELL, an individual;**

**Defendants.**

***JURY TRIAL IS REQUESTED***

**CASE NO.: CV-2022-__________**

---

**PLAINTIFF'S COMPLAINT**

---

COME NOW the Plaintiffs, and for their Complaint against the Defendants state as follows:

## I. INTRODUCTION

1. This case arises out of a motor vehicle collision in Tuscaloosa County,

Alabama, on August 6, 2020.

2. Plaintiff, Jeremiah Powell, is an individual over the age of nineteen (19) years and is a resident and citizen of the State of Alabama.

3. Plaintiff, Tyesha Deweaver, is an individual over the age of nineteen (19) years and is a resident and citizen of the State of Michigan.

4. Plaintiff, Bailee Baldwin., is a minor child who brings this action through her mother and next friend Tyesha Deweaver and who is a resident and citizen of the State of Michigan.

5. Plaintiff, Jeremiah Powell, Jr., is a minor child who brings this action through his mother and next friend Tyesha Deweaver and who is a resident and citizen of the State of Michigan.

6. Plaintiff, Melodiee Powell, is a minor child who brings this action through her mother and next friend Tyesha Deweaver and who is a resident and citizen of the State of Michigan.

7. Based upon information and belief, Defendant, Irby Construction Co., is a corporation with its principal place of business in Mississippi and doing substantial business in the State of Alabama.

8. Based upon information and belief, Defendant, Robert Cole Campbell, is an individual over the age of nineteen (19) years and a resident and citizen of the State of Georgia.

9. Subject matter jurisdiction exists in this Court pursuant to 28 U.S.C. § 1332 in that complete diversity exists between the Plaintiffs and Defendants and the amount in

controversy exceeds the sum of $75,000.00.

10. Venue is proper in that the wreck giving rise to this action occurred in Tuscaloosa County, Alabama.

## II. FACTUAL BACKGROUND

11. On August 6, 2020, Plaintiffs were traveling northbound on I-59 N in Tuscaloosa County, Alabama.

12. At the same time, the Defendant Robert Cole Campbell was traveling north on I-59 N in a truck owned by Defendant Irby Construction.

13. Defendant Robert Cole Campbell was intoxicated and crashed into the rear of the Plaintiff's vehicle, then fled the scene.

14. As a proximate consequence of Defendant's negligence and wantonness, the Plaintiffs were injured, harmed and damaged as set forth in Section V of Plaintiffs' Complaint.

15. At all times material to the instant action, Defendant Campbell was acting in the line and scope of his employment for Defendants Irby Construction and Irby Construction.

16. At all times material to the instant action, Defendant Campbell was driving a vehicle owned and entrusted to him by Defendant Irby Construction.

## III. COUNT ONE – NEGLIGENCE
## (Defendant Robert Cole Campbell)

17. At the aforesaid time and place, Defendant Campbell owed a duty to

exercise reasonable care in the operation of the vehicle he was driving.

18. Defendant Campbell breached his duties to Plaintiffs by traveling at an excessive speed, failing to keep a proper lookout, and driving while distracted and intoxicated.

19. As a proximate consequence of the negligence of Defendant, Plaintiffs were injured and damaged as set forth below, herein.

## IV. COUNT TWO – WANTONNESS / RECKLESSNESS (Defendant Robert Cole Campbell)

20. At the aforesaid time and place, Defendant operated the truck, *inter alia*, at an unsafe speed, while intoxicated, with no regard for the presence of other motorists and with conscious disregard for the safety of others.

21. Defendant Campbell knew that driving while intoxicated posed a risk of grave harm to others using the roadway, chose to drive while intoxicated, and in fact harmed others due to his intoxication.

22. As a proximate consequence of the wantonness and/or recklessness of the Defendant, Plaintiffs were injured and damaged as set forth below.

## V. COUNT THREE – RESPONDEAT SUPERIOR (Defendant Irby Construction)

22. At the time and place of the incident made the basis of this suit, Defendant Campbell was operating a motor vehicle in the line and scope of his employment for Defendants Irby Construction and Irby Construction.

23. As such, Defendants Irby Construction and/or Irby Construction were the

master or principal of Defendant Campbell and are vicariously liable for his actions. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described below.

## VI. COUNT FOUR– NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND RETENTION (Defendant Irby Construction)

24. At the time of the occasion made the basis of this lawsuit, and for some time prior thereto, Defendants Irby Construction and/or Irby Construction were responsible for the hiring, training, supervising, and retention of Defendant Campbell: Defendants Irby Construction and/or Irby Construction were negligent as follows:

a. They hired Defendant Campbell when they should have known he was unfit for the position.

b. They failed to train Defendant Campbell.

c. They failed to supervise Defendant Campbell.

d. They continued to retain Defendant Campbell after being made aware that Defendant Campbell posed a substantial safety risk.

## VII. COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT (Defendant Irby Construction)

25. At the time of the accident made the basis of this Complaint, Defendant Irby Construction was the owner of, and had the right of control over the use of the commercial vehicle driven by Defendant Campbell. Defendant Irby Construction

negligently and/or wantonly entrusted said vehicle to Defendant Campbell, who they knew was an incompetent, and who negligently and/or wantonly operated said vehicle injuring the Plaintiffs. Said negligent and/or wanton conduct was a proximate cause of the Plaintiffs' injuries and damages described below.

## VIII. COUNT SIX – COMBINED AND CONCURRING NEGLIGENCE

26. The negligence and/or wantonness of the Defendants, Irby Construction and Irby Construction, combined and concurred with the negligence and/or wantonness of the Defendant Campbell, and as a proximate result thereof, Plaintiffs were injured and damaged as described herein.

## VIII. DAMAGES

27. As a proximate consequence of Defendant's negligence and wantonness, Plaintiff Tyesha Deweaver was injured, harmed and damaged as follows:

(a) She suffered bodily injuries;

(b) She has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

(c) She was permanently injured, disfigured and damaged;

(d) She was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(e) She was caused to incur out-of-pocket medical expenses;

(f) She is reasonably certain to incur personal injury medical expenses in the future; and

(g) She was caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits.

28. As a proximate consequence of Defendant's negligence and wantonness, Plaintiff Jeremiah Powell was injured, harmed and damaged as follows:

(a) He suffered bodily injuries;

(b) He has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

(c) He was permanently injured, disfigured and damaged;

(d) He was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(e) He was caused to incur out-of-pocket medical expenses; and

(f) He is reasonably certain to incur personal injury medical expenses in the future.

(g) He was caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits.

29. As a proximate consequence of Defendant's negligence and wantonness, Plaintiff Bailee Baldwin was injured, harmed and damaged as follows:

(a) She suffered bodily injuries;

(b) She has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

(c) She was permanently injured, disfigured and damaged;

(d) She was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(e) She was caused to incur out-of-pocket medical expenses;

(f) She is reasonably certain to incur personal injury medical expenses in the future; and

30. As a proximate consequence of Defendant's negligence and wantonness, Plaintiff Jeremiah Powell, Jr. was injured, harmed and damaged as follows:

(a) He suffered bodily injuries;

(b) He has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

(c) He was permanently injured, disfigured and damaged;

(d) He was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(e) He was caused to incur out-of-pocket medical expenses; and

(f) He is reasonably certain to incur personal injury medical expenses in the future.

31. As a proximate consequence of Defendant's negligence and wantonness, Plaintiff Melodiee Powell was injured, harmed and damaged as follows:

(a) She suffered bodily injuries;

(b) She has experienced and continues to experience mental anguish and is reasonably certain to experience mental anguish in the future;

(c) She was permanently injured, disfigured and damaged;

(d) She was caused to incur personal injury medical expenses for treatment from various doctors, physicians, and hospitals;

(e) She was caused to incur out-of-pocket medical expenses;

(f) She is reasonably certain to incur personal injury medical expenses in the future; and

32. Plaintiffs further request that punitive damages be assessed in an amount which will reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

## IX. JURY DEMAND

33. Plaintiffs request a trial by struck jury.

WHISEFORE, PREMISES CONSIDERED, Plaintiffs demand judgment against Defendants for general and compensatory damages that the court may determine, together with interest from the date of the injury plus the costs of this action. Further, Plaintiff requests that the jury selected to hear this case render a verdict against each Defendant and award punitive damages to Plaintiff in an amount which will adequately reflect the enormity of the Defendants' wrongful acts and/or omissions and which will effectively prevent other similar wrongful acts/omissions.

Respectfully submitted,

Stephanie Balzli

Stephanie Emens Balzli
ASB-0422-T50E
Attorney for Plaintiffs

**OF COUNSEL:**
Shunnarah Personal Injury Lawyers
2900 1st Avenue South
Birmingham, AL 35233
P: (205) 983-8150
F: (205) 983-8450
E: SBalzli@asilpc.com

Plaintiffs' Address:
c/o Stephanie Emens Balzli
Shunnarah Injury Lawyers, P.C.
2900 1st Avenue South
Birmingham, Alabama 35233

**DEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AS FOLLOWS:**

Irby Construction
c/o Corporation Service Company
109 Executive Drive, Suite 3
Madison, Mississippi 39110

Robert Cole Campbell
50 Woodruff St. SE
Silver Creek, Georgia 30173